**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 16-416-JFW (KSx)** | Date: February 24, 2016 |
| Title: | United Tactical Systems, LLC, et al. -v- Christopher Edwards | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION

On January 19, 2016, Plaintiff United Tactical Systems, LLC ("United Tactical") and Karen Buchholz (collectively, "Plaintiffs") filed a Complaint against Defendant Christopher Edwards ("Defendant") in this Court, alleging, in part, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Although Plaintiffs generally allege that "the parties are citizens of different states," Plaintiffs fail to properly allege the citizenship of any of the parties. Complaint at ¶ 5. Indeed, Plaintiffs allege that "United Tactical is a Delaware limited liability company with its principal place of business in Lake Forest, Illinois." Complaint at ¶ 2. However, a limited liability company is a citizen of every state of which its members are citizens, and Plaintiffs have failed to allege the citizenship of any of United Tactical's members. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). In addition, although Plaintiffs allege that "Ms. Buchholz is an individual residing in California," *see* Complaint at ¶ 3, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Moreover, although Plaintiffs allege that Defendant is a "U.S. citizen who resides in Costa Rica," *see* Complaint at ¶ 4, Plaintiffs fail to allege the state citizenship of Defendant.[1]

---

[1] The Court notes that, a United States citizen living abroad permanently, and thus not domiciled in the United States, is not a "citizen of a State" for diversity purposes. Such "stateless citizens" cannot be sued in federal court on the basis of diversity jurisdiction. *See* California Practice Guide: Federal Civil Procedure before Trial § 2:1162 (The Rutter Group 2015).

Accordingly, Plaintiffs are hereby ordered to show cause, in writing, no later than **February 29, 2016**, why this Court has diversity jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiffs file an amended complaint which corrects the jurisdictional defects noted above on or before **February 29, 2016**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the striking of the diversity allegations from the Complaint.

IT IS SO ORDERED.